1

2

3

4

5          UNITED STATES BANKRUPTCY COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7    In re

8    NACIO SYSTEMS, INC.,                                    No. 08-10078

9                          Debtor(s).
     _____/

10

11                Memorandum on Motion Regarding Leasehold Interest
                            _____

12          This Chapter 11 case was commenced on January 18, 2008.  On June 25, 2008, creditor Condiotti

13   Enterprises, Inc., filed a motion for relief from stay.  The motion alleged that it was the landlord of commercial

14   premises leased to the debtor at 55 and 68 Leveroni Court in Novato and that prior to bankruptcy the Marin

15   County Superior Court had issued a judgment terminating the debtor's leasehold and had issued a writ of

16   possession.  The only relief sought in the motion was "permission to levy the writ of execution for possession"

17   of the premises.  On July 10, 2008, the court granted the motion but provided that if the debtor paid Condioti

18   $55,000.00 within 10 days then the motion would be deemed granted 30 days thereafter.  A formal order

19   was entered on July 16, 2008.

20          On August 4, 2008, Condioti filed a second stay relief motion, seeking leave to obtain a new writ of

21   possession before the time specified in the prior motion had expired.  That motion was denied on August 14,

22   2008.

23          On October 23, 2008, Condioti filed the motion now before the court.   It appears that since the

24   court granted relief in July there has been considerable litigation in state court in which Condioti has not been

25   entirely successful.  It now seeks, for the first time, an order from this court requiring the debtor to

26   immediately surrender the leased premises to it.

                                          1

1          Condioti is correct in noting that § 365(d)(4) of the Bankruptcy Code requires a debtor in

2 possession to surrender possession of commercial real property subject to an unexpired and unassumed lease

3 within 120 days after the order for relief. The debtor argues that this provision does not apply because in this

4 case the lease had terminated prepetition. The court does not address this issue because the court finds that

5 by failing to assert the alleged right to surrender, not once but twice, by seeking only to enforce its state court

6 rights, and by proceeding to litigate the right of possession before the state court, Condioti has waived any

7 right to enforcement of § 365(d)(4).

8          While the acceptance of postpetition rent does not waive any rights, postpetition litigation in state

9 court as in this case by Condioti does. A landlord can waive a right under § 365(d)(4) if the court finds the

10 existence at the time of the waiver of a right to possession, the actual or constructive notice thereof, and the

11 intention to relinquish the right. *In re George,* 177 F.3d 885, 889 (9th Cir. 1999). At the time Condioti filed

12 its first motion, the time for assumption had long-since expired, and Condioti's counsel surely knew it.

13 Moreover, it is clear from the tortured litigation history of this dispute, both before and after bankruptcy, that

14 Condioti and the debtor have been dancing with each other in a complex minuet, alternating negotiations and

15 posturing with aggressive litigation. The court therefore has no difficulty determining that Condioti intentionally

16 did not seek possession from this court in its prior motions.

17         The court will accordingly abstain from involvement in the dispute over possession in favor of the

18 Marin County Superior Court, which should proceed as it deems proper. This court suggests it is appropriate

19 for the Superior Court to act as if no bankruptcy had ever been filed, and should accordingly apply only state

20 law. Counsel for the debtor shall submit an appropriate form of order forthwith.

21 Dated: November 7, 2008

22

23                       Alan Jaroslovsky
                      U.S. Bankruptcy Judge

24

25

26

2