UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

NACIO SYSTEMS, INC.,                                          No. 08-10078

                          Debtor(s).
_____/

Memorandum of Decision re Sale Pursuant to Plan
_____

      The debtor's confirmed Chapter 11 plan calls for a sale of its assets to a buyer selected by the Creditors Committee from two competing offers. The plan provides:

> 2.1 On the Effective Date, substantially all of the assets of the Estate, with the exception of the Estate's avoidance rights and certain litigation claims, will be sold free and clear of Liens, to a Purchaser who presents the highest and best offer. In the event there is more than one offer, an Auction (the "Auction") will be held in conjunction with the hearing on Confirmation of the Plan to determine the highest and best offer. The Official Creditors Committee (the "Committee") will select that winning bid at the time of the auction, and submit that bid to the Bankruptcy Court for approval, at which time parties may object to the sale.

The plan calls for the court to confirm the Committee's selection, providing:

> 2.7 **Bankruptcy Court Approval of the Asset Sale.** At the hearing on Confirmation, the Debtor shall request the Court to approve the Committee's selection of the highest and best offer and approve the Asset Sale to the winning bidder (the "Purchaser"). Notwithstanding the forgoing, the Debtor reserves its right to object to the Committee's selection of the highest and best offer. Carey Daly, as the responsible agent of the Debtor shall be authorized to execute at Closing such documents as are necessary for the Debtor to fulfill its obligations under the Asset Sale agreement approved by the Bankruptcy Court.

      The Creditors Committee, through its counsel, met at length with the two qualified bidders under the plan. The Committee has selected Encompass Holdings, Inc., as the winning bidder. The

1

debtor objects,[1] arguing that the Encompass Bid was not the "highest and best" bid and that the final terms are at variance with the plan. The court finds no merit to either argument.

The court finds that the Committee diligently performed its role under the plan and there is no evidence that its decision was improperly influenced. It is clear to all parties, including the court, that neither of the two bids was very attractive and there is a substantial risk that Encompass will not perform its obligations as a buyer. Nonetheless, the court cannot quarrel with the Committee's conclusion that the Encompass bid was the "least worst" bid and finds that the Committee's recommendation is a reasonable exercise of sound judgment made with its eyes wide open. In judgment calls such as this, which is basically a compromise between competing interests seeking control of the debtor, the creditors are entitled to deference to their reasonable views by the court and their interests are paramount. See *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1380 (9th Cir.1986).

Likewise, the court does not agree that the final terms of the Encompass bid, as negotiated by the Committee, are at variance with the plan. The changes are minor and, like the creation of a new subsidiary of Encompass to take title so that the claims of creditors are not diluted by other claims against Encompass, are in the best interests of the estate.

For the foregoing reasons, all objections to the acceptance of the Encompass bid will be overruled and the selection by the Committee of Encompass as the successful bidder will be confirmed. Counsel for the Committee shall submit an appropriate form of order.

Dated: July 31, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] There were a few other objections, including those by attorney Vincent DeMartini and a bevy of the debtor's current employees alleging "personal time off" claims giving them standing. The court did not find any of their arguments persuasive.

2