1  DAVID J. COOK, ESQ. (State Bar # 060859)
   ROBERT J. PERKISS, ESQ (State Bar # 62386)
2  COOK COLLECTION ATTORNEYS
   A PROFESSIONAL LAW CORPORATION
3  165 Fell Street
   San Francisco, CA 94102-5106
4  Mailing Address: P.O. Box 270
   San Francisco, CA 94104-0270
5  Tel.: (415) 989-4730
   Fax: (415) 989-0491
6  Email: Cook@SqueezeBloodFromTurnip.com
   File No. 52,949
7
   Attorneys for Plaintiff and Counter-Defendant
8  NACIO INVESTMENT GROUP, LLC

9               UNITED STATES BANKRUPTCY COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                    SANTA ROSA DIVISION

12

| In re | ) | CASE NO. 08-10078 |
|---|---|---|
| NACIO SYSTEMS, INC., | ) ) ) | MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO APPLICATION FOR ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTIONS 327, 328 AND 330 AUTHORIZING RETENTION AND EMPLOYMENT OF DeMARTINI & WALKER LLP AS ATTORNEY FOR THE DEBTOR, *NUNC PRO TUNC* TO AUGUST 22, 2008 |
| Debtor. | ) ) ) | |

Date: February 5, 2010
Time: 10:00 a.m.
Judge: Alan Jaroslovsky

COMES NOW Plaintiff and Counter-Defendant NACIO INVESTMENT GROUP, LLC ("NIG"), who hereby opposes the APPLICATION FOR ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTIONS 327, 328 AND 330 AUTHORIZING RETENTION AND EMPLOYMENT OF DeMARTINI & WALKER LLP AS ATTORNEY FOR THE DEBTOR, *NUNC PRO TUNC* TO AUGUST 22, 2008.

## I. INTRODUCTION.

The starting point is the status of DeMartini & Walker LLP. DeMartini & Walker, a law firm ("DeMartini"), is a pre-petition secured creditor on behalf of NACIO SYSTEMS, INC., a

Nevada corporation, ("Nacio Nevada").[1] The Proof of Claim filed by DeMartini is marked *Exhibit "A."*[2] The secured status is referenced in the Debtor's Statement of Affairs, item number 10, marked *Exhibit "B."* Schedule D lists DeMartini as a secured credit, marked *Exhibit "C."* In the course of the Chapter 11 proceeding, DeMartini waived its secured status, and voted on the plan as an unsecured creditor. Moreover, DeMartini appeared at numerous pre- and post-confirmation hearings making various arguments and claims on its own behalf as an unsecured creditor.

Prior to the filing of the Chapter 11, DeMartini represented the Debtor through a multi-week trial in the action entitled *Nacio v. Nacio*, Case No. CV 052533, pending in the Marin County Superior court, as and for attorney for Nacio Nevada. Vincent DeMartini appeared as trial counsel for the trial.

Accordingly, under any set of facts, DeMartini is an "adverse party" (creditor, secured creditor and pre-petition counsel for Debtor) to the Debtor, and had DeMartini sought to serve as the Debtor's counsel, DeMartini would have had to 1) disclose the apparent conflict, and 2) reconciled them with its obligation under the Bankruptcy Code as and for Debtor's counsel, and reach an accommodation with the Debtor, interested parties, and most importantly, the U.S. Trustee. Commonly, when an "adverse party" such as the Debtor's counsel, wishes to continue representing the Debtor during the pendency of the Chapter 11, in which the law firm is also a creditor, the law firm frequently will surrender its claim, or limit its representation. This of course is a matter of negotiation and/or judicial intervention, as typically done.

DeMartini in its current *nunc pro tunc* application claims an "emergency" predicated upon Condiotti's prospective eviction of Nacio through a Writ of Possession. While being extremely imprecise, the inference is that the emergency arose on August 28, 2008, at which time Nacio engaged DeMartini to provide legal services. The facts however disclose that Condiotti's

---

[1] DeMartini has subsequently indicated that it has waived its security interest.

[2] All exhibits are incorporated by reference as though fully set forth in this Memorandum in their entirety and are attached to the Declaration of David J. Cook, Esq. which is filed contemporaneously herein.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO APPLICATION FOR ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTIONS 327, 328 AND 330 AUTHORIZING RETENTION
CASE NO. 08-10078

2

Case: 08-10078    Doc# 373    Filed: 01/15/10    Entered: 01/15/10 11:58:47    Page 2 of 5

threatened eviction was broadcast on June 24, 2008, through its motion for relief from the automatic stay, marked *Exhibit "D."* Exhibit "D" contains a copy of the issued Writ of Possession, being the subject matter of a pending eviction. Condiotti rebroadcast its threatened eviction through a second motion for relief from the automatic stay filed on August 4, 2008, marked *Exhibit "E."* Condiotti sought issuance of a current Writ of Possession to oust Nacio. Whether June 24th or August 4, 2008, Nacio had clear warning that Condiotti as the landlord was proceeding to evict Nacio, and DeMartini as counsel for Nacio and as part of the electronic filings, would have likewise had clear notice. The claim therefore that DeMartini was hailed into court as emergency counsel is meritless, as everybody had ample notice of the pending claimed "disaster" of a possible eviction. DeMartini could not claim any type of "emergency," the inference of which is that DeMartini or other estate professionals did not have the time by which to go through the process to retain DeMartini through Bkrtcy.C. § 327 et seq. Everybody had ample notice, and given Condiotti's reputation in the community and the history of the parties in this case, Condiotti seeking to oust Nacio was a foregone conclusion. DeMartini cannot claim an "emergency" as an excuse, when he had ample notice.

## II. STANDARDS FOR *NUNC PRO TUNC*.

Appointing counsel *nunc pro tunc* is well understood through the leading case of *In re THC FINANCIAL CORP., a Hawaii corporation, Debtor./ Lily M. OKAMOTO v. THC FINANCIAL CORPORATION*, 837 F.2d 389, 392 (9th Cir. 1988), in which the court stated as follows:

> "The district court concluded correctly that such awards should be limited to exceptional circumstances where an applicant can show both a satisfactory explanation for the failure to receive prior judicial approval and that he or she has benefitted the bankrupt estate in some significant manner. See Triangle Chemicals, 697 F.2d at 1289 (all requiring a benefit to the estate); In re Twinton Properties Partnership, 27 B.R. 817, 819-20 (Bankr.M.D.Tenn.1983) (using these criteria among others to justify a retroactive award); In re Orchid Island Hotels, Inc., 18 B.R. 926, 933 (Bankr.D.Haw.1982); and Holiday Mart, 18 B.R. at 216."

In *Tanzi v. Shulkin*, 2006 WL 2927660 (W.D. Wash), the court summarized the rule as follows:

> "To justify a request for appointment nunc pro tunc, counsel must 'show both a **satisfactory explanation** for the failure to receive prior judicial approval and that

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO APPLICATION FOR ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTIONS 327, 328 AND 330 AUTHORIZING RETENTION 5 -
CASE NO. 08-10078

3

he or she has benefitted the bankruptcy estate in some way. [Citation omitted] A nunc pro tunc order authorizing payment is justified "only in exceptional circumstances when the attorney provides a **satisfactory explanation** for failure to obtain approval in advance."

In this case, the record is void of the slightest authority showing the "urgency." In fact, the Debtor uses the conclusionary statement, as follows:

> "The Debtor seeks to retain DeMartini & Walker LLP to act as the Debtor's attorneys effective August 22, 2008, because the Debtor's landlord, Condiotti Enterprises was seeking to obtain immediate possession of the Debtor's commercially leased premises pursuant to a Writ of Possession which Condiotti Enterprises had obtained in a 2004 (pre-petition) unlawful detainer action." (Memorandum, p. 4, ll. 18-22.)

DeMartini repeats this in his declaration, as follows:

> "8. Carey Daly, on behalf of the Debtor, was required to employ DeMartini & Walker LLP to render the foregoing professional services on an emergency basis as the Debtor was in imminent danger of being dispossessed from its leased commercial premises by its landlord, Condiotti Enterprises." (Declaration of Vincent J. DeMartini, p. 3, ¶ 8, ll. 21-24.)

The declaration is without any evidence to show when the "Writ of Possession" arose, what the state of the knowledge was, whether or not any prior notice was given, or for that matter, whether or not the Debtor, among others, had advance notice. The truth of the matter is that everybody knew, from the beginning of this case, and at least from June 24, 2008, that Condiotti was seeking to prosecute an eviction of the Debtor. A Writ was previously issued, and moreover, Condiotti was seeking a new Writ. The Debtor, its estate professionals, DeMartini, and everybody else in this case knew the ending line of the Condiotti story: eviction. DeMartini is unable to claim any type of debilitating shock at Condiotti's eviction, which putatively preventing either DeMartini, Craig Welch, Paul Steiner, or any of their associates, from timely applying to this court for authority to retain DeMartini and setting the terms and conditions. Instead, all of these estate professionals did nothing, and DeMartini took it on for himself to represent the Debtor in the proceedings or action brought by Condiotti.

Condiotti's prospective eviction created an enormous and life-threatening emergency for the debtor, however. Condiotti telegraphed this emergency more than 60 days prior to its fruition, if not more, given that the parties knew that Condiotti from as early as 2004 had the right to eject the debtor. The debtor, and other estate professionals, and DeMartini had more than ample time

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO APPLICATION FOR ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTIONS 327, 328 AND 330 AUTHORIZING RETENTION
CASE NO. 08-10078

4

Case: 08-10078    Doc# 373    Filed: 01/15/10    Entered: 01/15/10 11:56:47    Page 4 of 5

by which to process through Bkrtcy.C. § 327 authorized counsel. This *nunc pro tunc* application ought to be denied, as DeMartini fails to explain why, in the clear face of a potential disaster, the Debtor failed to prosecute an application to retain DeMartini under Bkrtcy.C. § 327 et seq.

### III. CONCLUSION.

The concept of emergency means that the parties did not have the time to meaningfully prosecute a fee application. Here, the parties had more than adequate time, and have no explanation for the failure to address clear warning of this impending eviction. As there is no emergency disabling the estate professionals, this application should be denied.

DATED: January 15, 2010              COOK COLLECTION ATTORNEYS

By: ___/s/ David J. Cook___
DAVID J. COOK, ESQ. (SBN 060859)
Attorneys for Plaintiff and Counter-Defendant
NACIO INVESTMENT GROUP, LLC

F:\USERS\DJCNEW\nacio.mpanunc

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO APPLICATION FOR ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTIONS 327, 328 AND 330 AUTHORIZING RETENTION
CASE NO. 08-10078

Case: 08-10078   Doc# 373   Filed: 01/15/10   Entered: 01/15/10 11:56:47   Page 5 of 5

5