UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

NACIO SYSTEMS, INC.,　　　　　　　　　　　　　　　　　　No. 08-10078

　　　　　　　Debtor(s).
_____/

Memorandum After Sua Sponte Reconsideration
_____

　　　　The only assets left in this failed Chapter 11 case, now converted to Chapter 7, are about $377,000.00 which are the proceeds from the recovery and liquidation of two generators by Chapter 7 Trustee Jeffry Locke. Creditor Nacio Investment Group, LLC ("NIG") claims a security interest in these proceeds. Locke and NIG reached a compromise whereby NIG would be paid $210,000.00 in return for a release of its security interest. The matter came on for hearing on March 8, 2013, after due notice.

　　　　No party objected on the grounds that the settlement was not in the best interests of the estate. However, two law firms with Chapter 11 administrative expense claims objected on the grounds that they had competing secured claims in the same proceeds. The court felt unable to approve the compromise in the face of these competing claims, and instead set the matter for trial.

　　　　Upon reflection, the court sees no problem with the settlement as proposed. It meets all the requirements for a reasonable settlement notwithstanding the strength of Locke's legal position, considering the length of time the dispute has been pending dond the cost of litigating it further. There

1

is no need for NIG and Locke to spend further funds litigating with each other if they have reached an amicable and reasonable settlement. Thus, the court is willing to reconsider and approve the settlement so long as the rights of the objecting parties are preserved.

The court notes there are three ways that Locke and NIG can eliminate the competing claims of the objecting parties. First, the objecting parties may simply fail, after the trial now set, to show that they have a valid security interest in the generator proceeds.[1] Second, Locke may obtain a judicial determination that the Chapter 7 administrative expenses exceed the generator proceeds and have priority, pursuant to § 726(b) of the Bankruptcy Code, over the Chapter 11 administrative expenses which are the basis of the objecting parties' claims. Third, Locke may obtain an order surcharging the interests of the objecting parties pursuant to § 506(c).

The problem the court had with the settlement at the time of the hearing was that Locke seemed to be asking the court to *assume* that under § 726(b) or § 506(c) the objecting parties could have no interest in the generator proceeds. Until these matters are actually adjudicated, the claims must be considered valid.

For the foregoing reasons, the court is willing to approve the compromise so long as the rights of the objecting parties are not prejudiced. If Locke and NIG wish to have their compromise approved on these terms, Locke may submit a form of order which counsel for NIG and the objecting parties have approved as to form. The parties may then use the trial date set in the adversary proceeding to obtain an adjudication of the rights of the objecting parties.

Dated: March 11, 2013

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] Contrary to representations made in court, it appears that one objecting party, DeMartini & Walker LLP, has no allowed claim.

2